## ARGUED AND DETERMINED IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT MACON, JANUARY TERM, 1858.

Present—JOSEPH H. LUMPKIN,
CHARLES J. McDONALD, } Judges.
HENRY L. BENNING,

---

24  131
e112 544

HOLCOMB JOHNSON, et al., plaintiffs in error, vs. WRIGHT BRA-
DY, adm'r, defendant in error.

[1.] A temporary administrator, finding the assets of the estate of his intestate involved with other estates, and likely to be seized and sold, and the proceeds applied contrary to law, ought to ask an injunction until the affairs of the estate can be investigated, and conflicting claims adjusted.

[2.] The widow of intestate claiming a part of the property under an agreement that it should be conveyed in trust for her, and claiming another part of the property by right of survivorship, need not be made a party complainant to a bill filed by a temporary administrator to preserve the assets, as no final decree can be made in the premises.

In Equity, from Sumter county. Decided by Judge LA-
MAR, December, 1857.

Wright Brady filed his bill for an injunction under the following circumstances:

William M. Brady, the brother of the plaintiff, died in January, 1857, intestate, leaving Julia A. Brady, his widow, and four children; and being very much indebted at the time of his death, though in possession of considerable property. The plaintiff, at the request of the widow, took out temporary letters of administration on his estate. At the time of his

death, William M. Brady was administrator of the estate of Burton T. Dennard, his brother-in-law. Julia A., the widow of William M. Brady, was the sister of Burton T. Dennard William Dennard, their father, had died in 1850 or 1851, leaving a will, whereby, after some specific legacies, he had given the whole of his estate to his son, Burton T. Dennard, the brother of the said Julia A. Brady, for whom he made no provision in his said will. William M. Brady and his wife filed a caveat against the probate of the will, upon which considerable litigation ensued, and in the fall of 1852, an agreement was entered into between William M. Brady and his wife, and the said Burton T. Dennard, and Irene Dennard, the executrix of the said will, that William M. and Julia A. Brady should withdraw their caveat, and in consideration thereof, Burton T. Dennard did, by his written agreement, covenant with the said W. M. Brady, in trust for his said wife, that he would, when he came of age, convey to the said W. M. Brady, in trust for his said wife, one-third of the estate of which the said William Dennard died possessed. When the said Burton T. Dennard came of age, he carried out this agreement, by allowing W. M. Brady to carry on the plantation of the testator in partnership with him, but no specific conveyance was ever executed.

The bill also stated that complainant had no means of knowing the amount of the estate of the said William Dennard, nor of the one-third which the said Wm. M. Brady held in trust for his said wife, Julia A., and that the latter had notified him that the value of her third was $21,629 50, and that the same was in the nature of a trust, and insisted on it as a paramount claim.

The bill further stated, that upon the death of Burton T. Dennard, W. M. Brady was appointed his administrator, with complainant as his security, and that the said B. T. Dennard, at the time of his death, was legally indebted, and that the claims with respect to that estate, were superior to the claims of other creditors.

He also alleged in his bill, that there were a great many judgments, both against the estate of Dennard, and Brady, and that the judgment creditors were taking proceedings with respect to the property. He, therefore, prayed an injunction to restrain the Sheriff and judgment creditors from proceeding to sell the property until the rights of the conflicting claimants should be ascertained and adjudicated.

An injunction was granted as prayed by the bill.

To this bill the defendants demurred for want of equity, or if there was any equity, it was in favor of Julia A. Brady, who ought to have filed the bill when made a party to it; and also, that the cases made by the bill did not create any trust, or vest the property for the separate use of Julia A. Brady.

The Court overruled the demurrer, and counsel for defendants excepted.

SCARBOROUGH & WORRILL, for plaintiffs in error.

McCoy & HAWKINS, contra.

By the Court.—McDONALD J., delivering the opinion.

On the death of William M. Brady, his wife, Julia A. Brady, became entitled to administration on his estate, and at her request, Wright Brady, the complainant, applied for and obtained temporary letters of administration thereon.

Upon obtaining them he filed a bill in chancery, enjoining the execution creditors of his intestate's estate from the collection of their debts, which bill is brought up in the record before us. The bill was demurred to, and the presiding Judge in the Court below overruled the demurrer, and an exception to his judgment on the demurrer makes this case.

Much of the property in the hands of the temporary administrator, and which was in the possession of his intestate at the time of his death, proceeded from the estate of William

Dennard, and passed by his will to his son, Burton T. Dennard, who subsequently died, and on whose estate complainant's intestate administered.   It was further complicated by an alleged claim of Mrs. Julia A. Brady, under a compromise between herself and her husband, and Burton T. Dennard, her brother, and Mrs. Irene Dennard, by which she insists she became entitled, as her separate property, to an interest of one-third in her deceased father's estate, and into the enjoyment of which her husband, in his life time, had been placed, by her deceased brother allowing him to occupy it jointly with himself to that extent.

This was done by her brother after he had attained the age of twenty-one years, in execution of an obligation into which he had entered during his minority, to convey to the said William M. Brady, the deceased husband of the said Julia A., in trust for the said Julia A., an amount equal to one-third of the whole estate of which the said William Dennard died seized and possessed, and the increase up to the time of the division, as soon as he shall have attained to the age of twenty-one years.   The conveyance had not been executed, nor the property set apart, under said contract of compromise, but it was affirmed in the manner above stated, after Burton T. Dennard arrived at majority.

At the time of the death of the said William M. Brady, there was pending in the Superior Court of Dougherty county, an action against Mrs. Irene Dennard, William M. Brady, as administrator of Burton T. Dennard, and the said William M. Brady and his wife, Julia A. Brady, in favor of Jerry Cowles, for the use of Franklin Bivins, for the sum of five thousand dollars, on a warranty deed made by William Dennard in his life time.

The defendants, judgment creditors of the said William M., demurred to the bill on several grounds :

1st.  That there is no equity in the bill.

2d.  That the complainant has no equity.

3d. If there be any equity, it is in favor of Julia A. Brady, who ought to have filed the bill, or ought to have been made a party complainant.

4th. Because, according to the case made by the bill, no trust was created for Mrs. Brady, nor was the property vested to her separate use; and consequently, the marital rights of the husband attached thereto.

Such was the demurrer which was overruled in the Court below.

The statement of the case by the Reporter, and the additional facts apparent on the face of the bill, as hereinbefore stated, are all that is necessary to a decision of this demurrer.

The property in the hands of the complainant, which proceeded from the estate of William Dennard, is subject, first, to the payment of any judgment which may be recovered in the suit in favor of Jerry Cowles, for the use of Franklin Bivins, on the warranty contained in the deed made by him. It passed to his legatees subject to his debts and contracts. It is, therefore, right that a sufficient amount of property which came from his estate, should be retained by order or decree of the Court, until permanent letters of administration are had upon the estate, to extinguish whatever judgment may be obtained. After the satisfaction of that judgment, if a judgment should be attained, Mrs. Brady has the highest claim under the agreement of compromise. That agreement was never executed by a division of the property and a conveyance in trust for Mrs. Brady, and she has a right to demand its execution before the property can be appropriated to the payment of the debts of her deceased brother. By the agreement of compromise she is entitled to it as coming from her father's estate, as it was one condition that she should have an amount equal to one-third of her deceased father's estate, if she and her deceased husband would abandon their proceedings against the will; which was done.

It will be remembered that William M. Brady was, at the time of his death, administrator on the estate of Burton T. Dennard, and his wife was his only heir at law.   He had not completed the administration by the payment of the debts of his intestate.    There were, at that time and  still are, judgments of large amount against the  estate of Burton  T.  Dennard.   He held the property, therefore, as administrator, and not in right of his wife as next of kin of her deceased brother.

The husband must reduce the wife's property or  choses in action to possession as husband, in order to defeat  the  wife's title by survivorship.    *Baker vs.  Hall,* 12   *Vesey Jr.,*  497 ; *Wall vs. Tomlinson,* 16  *Vesey Jr.,* 416.

If the estate of William M. Brady was  chargeable,  at the time of his death, to the  estate of  Burton  T.  Dennard, of which he had been administrator, the amount for  which  it was chargeable constituted a demand  of higher dignity, in a course of administration, than any  other debt of said  intestate.    *Cobb,* 288.

[1.] The administrator ought to have  presented all  these matters to the Court, that the property found by complainant to have been in possession of his intestate, at the time  of his death, should remain unmolested in his hands, until a general and full administration can be granted, when all conflicting claims to  property can be investigated,  and  the rights of parties can be authoritatively adjusted.

[2.] It is necessary that Mrs. Brady should be a party complainant when she  seeks relief at the hands of the  Court, in respect to the matters of which she has  given the temporary administrator notice.   She is not moving here, and if,  upon a grant of permanent letters of administration,  the administrator should refuse to recognize her rights  and  respond to her demand, she may then call him to account.   But it may be well to remark, that it is possible that  her  rights might be fully adjudicated under a bill filed by a  rightful administrator, especially if the validity of her  claims  were questioned by creditors who, with herself, in such cases, might be called

upon to litigate their rights.    That case is not before us, and probably never will be, as between parties interested in these several estates.

Judgment affirmed.