BLOCK & BROTHERS, plaintiffs in error, vs. J. W. HICKS & Co., defendants in error.

[1] A man's conduct may be such, as to authorize the presumption, that he admits to be well founded, a plea set up against his claim.
[2.] The declaration of one party, uttered in the presence of the other, and not denied by that other, are admissible as evidence for the former.

Complaint, in Floyd Superior Court.    Tried before Judge HAMMOND, at February Term, 1858.

This was an action in the form of complaint, by plaintiffs in error, against defendants in error, on a promissory note, for $120, dated 28th May, 1856, and payable in six months after date.   The consideration of the note, was gin and blackberry wine, sold to defendants by plaintiffs, and which they alleged were worthless, and refused to pay the note.

The jury found for the defendants, and plaintiffs moved for a new trial, on the following grounds :

1st. 2d. and 3d. Because the verdict was contrary to law, contrary to evidence, and strongly and decidedly against the evidence.

4th. Because the Court erred, in charging the jury, "that if they believed that the liquor sold by plaintiffs to defendants, was not such as was ordered, and which plaintiffs agreed to send them, they should find for the defendants;" there being no evidence to authorize such a charge.

5th. Because the Court erred in charging the jury, that the agreement on the part of one of the plaintiff's to give up the note, was such a fact as they might take into consideration, in ascertaining whether the liquor was such as was agreed to be sent.

6th. Because the Court erred, in refusing to rule out the testimony of Wade S. Cothran and James M. Elliott.

7th. Because the Court erred in refusing to rule out that part of Love's testimony, giving the declarations and sayings of one of the defendants.

The Court overruled the motion for a new trial, and plaintiffs excepted.

PRINTUP; and SHROPSHIRE, for plaintiffs in error.

UNDERWOOD & SMITH, *contra*.

*By the Court.*—BENNING J. delivering the opinion.

Was the Court below right in overruling the motion for a new trial?

Passing the first, second, and third, grounds of the motion, we take up the fourth. Was there evidence to authorize the charge excepted to, in that ground? We think so.

The conduct of Julius Block, one of the firm of Block & Brothers, was sufficient of itself, to authorize the charge. Hicks told him, that the liquor was not such as was ordered, and wanted him, "to go to the depot, and examine it, and take it back, and give up the note. Block agreed to go, and examine it, and, if the liquor was not such as ordered, he would, and give up the note." After this, Block refused or failed to do as he had promised, and was about to leave town, when he was again accosted by Hicks, and told, "to go and examine" the liquor "and give up the note. Block told Hicks, that he did not have the note with him—that it was at Bayard's, and that he would be back in four or eight days, and would then arrange it." In fact, the note was not at Bayard's—Block then went off on the railroad, and when Hicks found out, that the note was not at Bayard's he pursued him, and, on overtaking him, he agreed to give up the note, and wrote an order on his attorney, directing him to give it up.

[1.] Now such conduct as this, in Block, was sufficient to justify the inference, that the liquor was not what it should

have been, and that he knew it.   Consequently the conduct, was sufficient to justify the charge of the Court.

The fifth ground is involved in the fourth.   We do not see why, the whole of a man's conduct may not be taken into consideration, on a question arising out of a matter to which that conduct had reference.

As to the sixth ground—The objection to the testimony of Cothran and Elliott, was, that their testimony related to liquor contained in a barrel marked "J. W. H.," not, "J. W. Hicks & Co."   Now, if "J. W. H." was put for "J. W. Hicks & Co.," the testimony was beyond question, admissible.

And Block's conduct aforesaid, authorizes us, *prima facie,* to say, that it was ; to say that the initials were put for the name.

Why did he not go with Hicks to the barrel at the depot, and avail himself of that objection, if there was anything in it?   Certainly, the question, whether the identity of the barrel, was made out, was one for the jury.

[2.] As to the seventh ground—the sayings of one of the defendants which were testified to, by Love, were uttered in the presence of Block, and were not denied by him.   His silence was, *prima facie,* an admission of their truth; consequently they were evidence for the defendants.

As to the grounds passed—the first, the second, and the third, we see nothing in them.   The evidence was, as we think, quite sufficient to support the verdict.

Judgment affirmed.