AUGUSTUS WHITE *et al.*, Plaintiffs in Error, *v.* ELIZABETH DREW *et al.*, Defendants in Error.

1. *Partition — Secret Trusts — Equitable Liens.* — In partition sales of property held by tenants in common, the amount due from one tenant to the others for rents and profits may be an equitable lien on the interest of the party receiving such rents. But this principle has no application to a case where the owners had no legal title to the property, and their right was a secret trust raised by implication to a certain proportion of the estate. When trust money is used by a party intrusted with it in purchasing real estate in his own name, courts of equity will follow the money into the land, and raise a trust for him whose money is thus used. But they will not create a lien upon the property for the same or other money used by the trustee. The doctrine of constructive liens will not at this day be applied to cases not within established rules. Secret trusts in and constructive liens upon real estate are now discouraged.

2. *Partition — Trust Estates, Dower in.* — The dower of a wife is clearly limited to the property of her husband, and cannot extend to property held by him in trust for others, whether she had notice of the trust or not.

### Error to Sixth District Court.

This case originated in the Marion Circuit Court. The facts will be found stated in the opinion of the court.

*Lipscomb*, and *Dryden & Lindley*, for plaintiffs in error.

The only question in this case is as to the propriety of the action of the Circuit Court in refusing to order payment of the $939.63, plaintiffs' net share of the rents and profits taken by

the ancestor of the defendants out of that part of the proceeds of the sale of the land represented by the defendants in error. A double relation existed between Drew, the deceased, and the plaintiffs. They were tenants in common of the land; and he was trustee, and they were *cestui que trusts*.

I. As between tenants in common, one tenant has an equitable lien upon the common property for his share of the rents and profits received by his co-tenant. (Hannan v. Osborn, 4 Paige Ch. R. 343.) The equity here claimed rests upon the principle governing the rights of partners. Where one partner takes out of the concern more than his due proportion of the partnership effects, it is the well-settled law that the other partners have a lien upon the common property for their indemnity and reimbursement. (Story on Part. § 97.) Such rents and profits, it may be conceded, are a personal charge upon the co-tenant receiving the same, and upon his death are payable primarily out of his personal estate (it is the policy of the law to discourage the sale of the realty); but where, as in this case, there is no personalty out of which to enforce payment, a court of equity will enforce the lien against the common property. (4 Paige Ch. R. 343.) The fact that the liability of the tenant for the rents and profits is a personal charge, and upon his death the liability would be payable primarily out of his personal estate, does not militate against the proposition that the co-tenant has a lien on the common property for his indemnification. It is equally true of every other lien that the debt which operates as a lien is a personal charge against the debtor; *e. g.*, the vendor's lien, the mechanic's lien, the lien of a judgment, etc., etc.

II. Again, the demand of the plaintiffs here is not merely a prior equity, but it is the only equity. Neither the administrator nor the creditors whom he represented had any equity in the common property; nor had they, or either of them, any legal estate in said property. Now, if this action had been brought and prosecuted against Drew, in his lifetime, and the rights of the parties had been found and declared by the decree of the court, just as they have been, and the common property been sold and the proceeds brought into court, just as was done in this case,

would he have been allowed to withdraw from the custody of the law his share of the fund without first paying the plaintiffs what he owed them for rents of the common property ? If not, upon what principle can it be maintained that his administrator can do so ? The result of the decision of the Circuit Court is to postpone lien-holding *cestui que trusts* to a non-lien-holding foreign creditor, whose demand will absorb the whole fund and leave the plaintiffs remediless.

*Redd & McCabe*, for defendants in error.

I. Plaintiffs' claim for rents and profits was a debt existing against Joseph Drew, the trustee, at the time of his death. Section 1, chap. 123, Gen. Stat. 1865, provides that all demands against the estate of a deceased debtor shall be divided into classes. Section 8 authorizes the creditor to establish his demand by the judgment or decree of the Circuit Court, but requires the judgment to be exhibited to the County Court for classification. Section 4 provides that, for the purpose of classification, the judgment shall be considered as a demand exhibited from the time of the service of the original writ on the administrator. Section 26 requires all demands to be paid in the order in which they are classed, and if there be not assets sufficient to pay all demands in any one class they shall be paid *pro rata*.

The proceeds of the sale of that portion of the real estate belonging to Joseph Drew, not affected by the trust, are assets in the administrator's hands, to be administered for the benefit of all the creditors of Joseph Drew ; and to have plaintiffs' demand for rent paid out of it in full, without requiring him to present his judgment to the Probate Court for classification, would be a manifest violation of the statute in its letter and spirit, and greatly to the prejudice of other creditors by giving to plaintiffs a precedence over them. Where the statute gives to one creditor or class of creditors a priority over others, the chancellor will enforce it, for " equity follows the law ; " but in the absence of such legislation a court of equity will not give or create such preference.

II. The defendant Elizabeth Drew was entitled to dower in

the portion of the real estate upon which a trust was declared in favor of plaintiffs.

If Joseph Drew, in paying for the land, used, as found by the court, $950 of money belonging to the estate of O. M. White, in his hands as administrator *de bonis non*, it was a misapplication of the fund, constituting a breach of trust on his part, and plaintiffs had their election to take either one of two remedies ; either, 1, To hold him and his securities on his administrator's bond responsible for the money and interest, which they would undoubtedly have done had the investment proved a bad one ; or, 2, To proceed in equity to have a trust declared *pro tanto*. The deeds vested in Drew an indefeasible estate of inheritance in fee simple, and plaintiffs took no interest in the land, by virtue of the fact that it was in part paid for with the money of White's estate, until they had made their election, and this was not done until after the inchoate interest of Elizabeth became perfect by the death of Joseph Drew. Joseph Drew was seized of the entire tract of an estate of inheritance in fee simple, and remained so seized at the time of his death. This being the case, the statute provides that the widow shall be endowed, with one only exception—where she has relinquished her right in the manner provided by law, of which there is in this case no pretense. (R. C. 1855, p. 668.)

Conceding that the trust may, at the election of plaintiffs, be enforced as against Joseph Drew and all volunteers claiming under him, defendant Elizabeth submits that as to her dower interest she does not occupy the position of a volunteer. As to her dower interest she occupies the position of a *bona fide* purchaser for a valuable consideration, without notice of plaintiffs' latent equity, and as such is entitled to the protection of the chancellor. 1. The dower right of the wife during the life of the husband is an inchoate interest in the land, which vests as soon as there is a concurrence of marriage and seizin, becoming consummate at the death of the husband. (4 Kent, 49.) 2. She acquired this title and interest as a purchaser. Purchase is any method by which lands are acquired by or in consequence of the act or contract of the parties, and not by descent. (2 Blackst. Com.

241–2.)   Marriage is a legal relation created by the contract of
the parties ; the inchoate title or interest of the wife in the hus-
band's realty is incident to and acquired by that contract, and
vests upon the seizin of the husband ; hence she is, as to that
interest, a purchaser, in the full legal acceptation of that term.
Being a purchaser, she acquired her interest for a valuable consid-
eration.   Marriage is a consideration deemed as valuable in law
as the payment of the full value in cash.   (4 Kent, 462 ; Chitty
on Cont. 27–8 ; 2 Blackst. Com. 296–7 ; Story v. Arden, 1
Johns. Ch. 271.)

Joseph Drew, at the time of the marriage, was seized in fee of
the entire tract ; by the marriage, defendant Elizabeth acquired, as
a *bona fide* purchaser, without notice of plaintiffs' latent equity,
an inchoate interest in the entire tract, which became consummate
by the death of Joseph Drew, before plaintiffs elected to proceed
against the land.   Under these circumstances the equity of plain-
tiffs ought not to be enforced against her interest.

BAKER, Judge, delivered the opinion of the court.

The plaintiffs are the only surviving children and heirs at law
of Obed M. White, who died in 1838 intestate, leaving a small
estate in Marion county.   Joseph Drew, now deceased, became
administrator of said estate in 1847, and shortly afterward pur-
chased a tract of land situated in said county, for which he paid
$1,590 ;. a part of the purchase money, $950, was funds belong-
ing to said estate.   The land was conveyed to him as in his own
right, and he took possession of it at the time of the purchase,
and continued to occupy and use it until his death, which occurred
in 1866.   The rents and profits, after deducting all moneys
expended in improvements and repairs, amounted to $939.63,
while the same was occupied by said Joseph Drew.   This suit was
brought against the said Elizabeth Drew, who is the widow, and
Dolphus, who is the only child and heir at law, of the said Joseph
Drew, and T. E. Hatcher, the administrator of his estate, to have
a resulting trust declared in said lands in favor of the plaintiffs,
and for an account of the rents and profits.   On the hearing, the
facts were found by the court, the substance of which is stated

above, and in the decree the court declared $\frac{950}{1950}$ of said lands to be held by the defendants in trust for the plaintiffs, and, for the purpose of partitioning the same, ordered the land to be sold. The whole tract brought the sum of $6,400. The plaintiffs filed a motion, in which they ask the court to "order a distribution of the purchase money; that they be paid out of the same $\frac{950}{1950}$ thereof, being the share of the plaintiffs as ascertained by the decree in the case; that the costs be paid out of the residue of the funds; that the value of the dower interest of the widow in the remainder be paid; and that out of what should remain the plaintiffs be paid the sum of $939.63, the amount found due them for the rents and profits."

It is stated in the motion that the estate of said Joseph Drew was wholly insolvent. And the court so found on the hearing.

The court then "ordered and decreed that the sheriff, out of said fund, pay the costs accruing in the cause from and after the rendition of the interlocutory decree in this cause, amounting to the sum of $119.25; that out of the residue he pay the plaintiffs the $\frac{950}{1950}$, amounting to the sum of $3,752.66; that out of the remainder he pay all the costs accruing in this case from the beginning to the rendition of the interlocutory decree herein, amounting to the sum of $82.14; that he then pay to Elizabeth Drew, widow, the sum of $582.93, the present value of her dower interest in the remainder of the fund, after paying all costs and the share of $\frac{950}{1950}$ decreed to plaintiffs; and that the remainder of said fund, to-wit, $1,863.02, be paid to T. E. Hatcher, the administrator of said Joseph Drew, to be by him administered according to law. The court doth further adjudge and decree that the defendant Elizabeth Drew is not entitled to dower in that portion of said estate and fund decreed to plaintiffs. * * * * It is further considered by the court that the plaintiffs have and recover of the goods and chattels and estate of Joseph Drew, deceased, in the hands of the defendant, T. E. Hatcher, administrator of said Joseph Drew, the sum of $939.62, the amount of rents and profits ascertained to be due from said estate to the plaintiffs; and that said sum be paid, by said Hatcher, out of the general assets in his hands for that purpose, after said judgment

has been presented and classified by the County Court of Marion county."

The plaintiffs removed the case to the District Court by writ of error, where the judgment was affirmed, and the cause is now here on error. The plaintiffs complain of the action of the Circuit Court in refusing to order the payment of the sum of $939.62, found to be due them for rents, etc., out of the money directed to be paid to the administrator. It is urged that the plaintiffs and defendants occupy the relation of tenants in common, and that the plaintiffs have an equitable lien on the defendants' interest in the land for the rents and profits arising from the use of their own interest, and that such lien would entitle them to the payment of their claim out of the defendants' interest, to the exclusion of other creditors. In support of this position, we are referred to the case of Hannan v. Osborn, 4 Paige Ch. 336. That was a proceeding for a partition between several tenants in common, and for an account of the rents and profits received by one of the defendants. In ordering a sale of the property, the court intimated that the amount due from one of the tenants in common to the others, for rents and profits, was an equitable lien on the interest of the party receiving such rents, etc.

The reason for such lien is not stated by the court, but is probably based on the principle that courts of equity sometimes treat real property and the profits arising therefrom as the same; and when one of the parties in interest has appropriated such profits, being a part of the common property, to his own use, they deduct the amount so appropriated from the share of such party in the remainder, when a partition of the property is made.

If this is a correct principle of law, can it be applied to this case, where the parties were not strictly tenants in common? The plaintiffs had no legal title to the property. Their right was a secret trust, raised by implication, to such proportion of the land as that part of the purchase money used, belonging to the estate of their ancestor, bore to the whole of the purchase money. The rule on which the trust is raised is that, when trust money is used by a party intrusted with it in purchasing real estate in his own

name, courts of equity will follow the money into the land, and raise a trust for him whose money is thus used.

But they will not go further and create a lien on other property for the same or other money used by the trustee. The doctrine of constructive liens will not at this day be applied to cases not clearly within established rules. Secret trusts in and constructive liens upon real estate are now discouraged. (10 Barb. 626.)

Elizabeth Drew, one of the defendants, also objects to the ruling of the court. She insists that her dower interest extended to the whole tract of land, for the reason that she had no knowledge of the rights of the plaintiffs when she intermarried with the trustee, and that she occupies the position of a purchaser without notice. The dower of a wife is clearly limited to the property of her husband, and cannot extend to property held by him in trust for others, whether she had notice of the trust or not. The application for dower in the whole property was properly denied by the court.

The judgment is affirmed. The other judges concur.