MATHEWS *et al. vs.* CODY *et al.*

1. If, in a bill for injunction, the complainants waive discovery, the affidavit verifying the bill ought to be positive, and ought to be made by some person or persons acquainted with all the material facts; or such facts should be otherwise established at the hearing of the application for injunction, with certainty enough to make evident a probable case for decree at the final hearing of the cause. By waiving discovery, the complainants undertake to prove the substantial truth of their allegations, not only at the final hearing, but at the interlocutory hearing. If the evidence submitted to the chancellor falls short on any material averment, (such as that certain debts were not contracted on the faith of certain property,) the supreme court will forbear to control the chancellor's discretion in refusing the injunction.

2. Where an executor, now insolvent, purchased land with notes belonging to him as executor, and took title to himself individually, and has held possession under the conveyance for more than ten

years, the refusal of an injunction, applied for by the legatees, to restrain his judgment creditors from selling the land at sheriff's sale as his property, will not be interfered with by the supreme court—certainly not unless the consequences of a sale would be irreparable to the complainants in spite of the doctrine of *lis pendens,* and in spite of the resource of giving to bidders at the sale actual notice of the equitable rights asserted in the bill.

Injunction and receiver. Discovery. Judgments. Before Judge CRAWFORD. Chattahoochee County. At Chambers. February 22d, 1878.

Mathews and others, legatees and representatives of legatees under the will of Charles Fisher, filed their bill against Cody and certain judgment creditors of his, making, in brief, this case :

In 1866 Fisher died testate, appointing Cody executor, leaving an estate of realty and personalty of the value of $50,000.00 ; and directing the sale of his property and the division of its proceeds between his wife and children, share and share alike. At the sale of the land, on November 6, 1866, Walker and Chapman purchased a plantation for $9,950.00, paying one-third cash, and giving note at twelve months for balance. They failed to meet the note at maturity, but offered to return the land for the note. Accordingly, on November 27th, 1867, Cody, as executor, delivered up their note, and they executed to him individually a deed to the land. He took possession and has so remained ever since, failing to sell, as required by the will, etc.

At the same sale, Sapp purchased a tract of land for $1900.00, paying one third cash, and giving note at twelve months for balance. This note Cody held until December 26th, 1873, when there was due thereon $1600.00. On that day he traded said note to one Shipp for land, taking a deed to himself individnally therefor. He is now entirely insolvent. Judgments have been recovered against him ; and executions levied on the lands aforesaid. None of the claims which are in judgment were based on credit extended to Cody on account of his apparent ownership of these lands.

Waiving. discovery, they pray that the judgment creditors be restrained from selling the lands levied on; that the deeds to Cody be reformed so as to vest title in him as executor, etc.

The bill was verified by the wife of Cody, one of the complainants, in the usual formal affidavit.

Upon the hearing of the application for injunction, the sale to Walker and Chapman and reconveyance, and the transfer of the Sapp note was shown as charged, but no evidence was introduced as to the allegation that credit was not extended to Cody on the faith of the land in controversy.

The injunction was refused and complainants excepted.

SMITH & LITTLE, for plaintiffs in error.

PORTER INGRAM; H. BUSSEY; PEABODY & BRANNON; BLANDFORD & GARRARD, for defendants.

BLECKLEY, Judge.

1. An injunction bill should be properly verified by some person acquainted with the facts, more especially where discovery is waived. In the present case, there was no sufficient evidence before the chancellor that the debts were not contracted on the faith of the property. It is a mistake to suppose that the complainant can waive discovery, and not take the consequent burden of making out the case at the interlocutory hearing, as well as at the final hearing.

2. Title to the land has been in the executor more than ten years, in his individual capacity. Code, §2922. Besides, the complainants have filed their bill, and can invoke the doctrine of *lis pendens*, (35 *Ga.*, 213), and they could easily give actual notice to bidders at the sheriff's sale. They need no aid from injunction, even if they have the better equity on the general case.

Cited for plaintiffs in error: Code, §2316; 1 Perry on Trusts, 138; 2 Serg. & Rawle, 521; 16 Penn., 499; 18

*Ga.*, 514; 14 Ill., 501; 42 Mo., 561; 28 Ill., 93; 14 Wis., 131; Story's Equity, §1258; Code, §3119; 7 *Ga.*, 534; 13 *Ib.*, 88; 40 *Ib.*, 535; 51 *Ib.*, 180; Story's Eq., §416, (note); 56 *Ga.*, 79; Clancy's Rights of Women, 4; 11 *Ga.*, 25; 2 Atkins, 206; 2 Serg. & R., 491; 5 John. Chan. R., 196; 9 Ves., 175; 12 Ves., 497; 16 Mass., 480; 5 Pick., 468; 3 Desau Chan., 155, 160; 2 Call., R., 376; 24 *Ga.*, 136; 35 *Ib.*, 184; Green on Ev., §§197, 199; 27 *Ga.*, 522.

Cited for defendants in error: 1 *Ga.*, 324; 5 *Ib.*, 56; 38 *Ib.*, 581; 40 *Ib.*, 363; 58 *Ib.*, 494; 14 *Ib.*, 224; Code, §2922; 24 *Ga.*, 236.

Judgment affirmed.