JOSEPHINE MERKET v. WILLIAM M. SMITH.

1. DEMURRER TO EVIDENCE; *Supreme Court.* Where an action is tried by the court without a jury, and the defendant interposes a demurrer to the evidence after the plaintiff closes his case, the court cannot weigh conflicting testimony; and if in such a case the testimony presented in the record supports the plaintiff's cause of action, and it can only be answered by contradictory or conflicting evidence, the supreme court will declare the law upon the testimony presented in the record, although it does not affirmatively appear therein that all of the evidence upon which the district court acted is before it. (*Wolf v. Washer*, 32 Kas. 533.)

2. ———— The case of *Brown v. Johnson*, 14 Kas. 377, referred to, and limited.

3. ———— *Trust, When.* If an administrator purchase real estate in his own name with money belonging to the estate, a trust in the property will result to the heirs.

4. MONEYS OF ESTATE—*Trust Fund—Heirs—Remedy.* An administrator cannot purchase real estate in his own name, with money belonging to the estate, and expend other moneys of the estate in making improvements thereon, and then place the trust fund used by him as administrator beyond the reach of the heirs, by subsequently qualifying as guardian of the minor heirs of the intestate, and as such guardian receipt to himself as administrator for the moneys of the estate previously used and expended by him. The heirs of the estate have an election either to hold the administrator and guardian personally responsible for the money of the estate invested in his own name, or to follow it into the land and have that adjudged trust property.

*Error from Greenwood District Court.*

ACTION by J. W. Kenner, guardian of Marais de Cygne Merket and *Josephine Merket*, minor heirs of William Merket, deceased, against Sarah Ann Smith and *William M. Smith*, brought March 15, 1878, in the district court of Greenwood county, to establish a trust and compel a conveyance of the north half of the northeast quarter of section 11, and the south half of the southeast quarter of section 2, in township 27, of range 11 east, in all 160 acres. Marais de Cygne Merket died in the fall of 1865. At the time of the trial, *Josephine Merket* was substituted as plaintiff in the case, she being the only surviving heir-at-law of William Merket, deceased,

and being at the time over eighteen. Trial by the court, at the May Term, 1883. After the plaintiff had closed her evidence, the defendant interposed and filed a demurrer thereto, upon the ground that no cause of action was proved. The court sustained the demurrer. Thereupon judgment was rendered for the defendant. Plaintiff excepted, and brings the case here.

*Clogston & Fuller,* for plaintiff in error.

*Scott & Lynn,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is contended on the part of the defendant that this court cannot pass upon the merits of this case, because it does not affirmatively appear from the record that all of the evidence upon which the district court acted is before us. *Brown v. Johnson,* 14 Kas. 377, is cited as conclusive. In that case it was said that it was easy to perceive that many things might have entirely overthrown the testimony presented. Such is not the case here. It was held in *Wolf v. Washer,* 32 Kas. 537, that—

"In order to sustain a demurrer to the evidence, the court must be able to say, as a matter of law, that the party introducing the evidence has not proved his case; and the court cannot, upon conflicting and contradictory evidence, say that as a matter of fact the preponderance of the evidence shows that the party introducing it has not proved his case."

In the case at bar, there was ample testimony tending to support the plaintiff's cause of action; and we cannot perceive or imagine any evidence that would have entirely overthrown that presented. Of course, contradictory and conflicting testimony might have been offered, and we may, for the purpose of this case, concede that such testimony was introduced; but the court has no right, upon demurrer to evidence, to weigh conflicting testimony or to decide the case upon the preponderance of the evidence. If the case had been submitted to the court upon all the evidence introduced, and the decision had

been rendered upon the merits, we could not interfere with the ruling of the court upon the record presented. As it comes to us, however, upon a demurrer to the evidence, and as the testimony in the record tends to support the plaintiff's case, and as we cannot perceive that it might have been entirely overthrown, it is our duty to declare the law upon the testimony.

The evidence conduced to prove that on November 14, 1864, William Merket died intestate, leaving as his heirs the plaintiff and Marais de Cygne Merket; that on December 5, 1864, William C. Waybright was appointed administrator of his estate; that on October 8, 1867, Waybright was appointed guardian of the minor heirs of said William Merket, deceased; that the land in controversy was purchased and the improvements thereon paid for in part out of money belonging to the said estate, then in the hands of Waybright, as administrator; that the title to the land was taken in his (Waybright's) own name, and so remained at the time of his death; that on July 31, 1868, Waybright, as such administrator, made a final settlement, which purported to show a balance of $2,537.39 belonging to the estate; that on July 31, 1868, Waybright executed a receipt, of which the following is a copy: "STATE OF KANSAS, GREENWOOD COUNTY, July 31, 1868.—Received of W. C. Waybright, administrator of the estate of William Merket, late of said county, deceased, $2,537.39, on final settlement of said estate.—W. C. WAYBRIGHT, guardian of Marais de Cygne and Josephine Merket;" that this receipt was filed with the probate judge on said July 31, and afterward placed upon the records of the probate court; that at the time of this final settlement, Waybright said to the probate court, "that he had no money; that the funds of the Merket estate were all used·up, as he had invested the same in his mill;" "that he was badly involved, and could·not even pay the fees due from him as administrator to the probate judge," and had the fees charged up to him as guardian, together with what was due from him upon his final settlement; that before the commencement of this action, Marais

de Cygne Merket died; that on January 28, 1872, Waybright died, devising the land in question to his wife, Sarah Ann Waybright, who on May 18, 1875, married the defendant; that afterward, said Sarah Ann Waybright died, leaving the defendant her sole heir; that the plaintiff is the only surviving heir-at-law of William Merket, deceased, and at the time of this trial was over 18 years of age; that the estate of Waybright failed to pay out to the extent of about $7,000; that the bond executed by Waybright, as guardian of Marais de Cygne and Josephine Merket, was in the penal sum of $2,000 only.

Waybright, as administrator, acted in a fiduciary character, and by investing in real estate and the improvements thereon the money belonging to the estate of which he was administrator, and by taking the title in his own name, became seized in trust for the estate, or, in other words, for the heirs.

"If a person having a fiduciary character purchase property with the fiduciary funds in his hands, and take the title in his own name, a trust in the property will result to the *cestui que trust*, or other person entitled to the beneficial interest in the fund with which the property was paid for: as if a trustee purchase with the trust fund and take the title in his own name, the trust will result to the *cestui que trust;* if a guardian purchase with the money of his ward, a trust will result to the ward, and if an executor or administrator purchase property in his own name with money belonging to the estate, a trust in the property will result to the heirs, legatees, or other persons entitled to the beneficial interest in the estate." . . . "In all these cases, the transaction is looked upon as a purchase paid for by the *cestui que trust*, as the beneficial interest in the money belonged to him; and the identity of the money does not consist in the specific pieces of money or bills, but in the general character of the fund out of which the payment is made, and the fund may be followed so long as its general character can be identified." . . . "If, however, a trustee purchase an estate with trust funds, and add funds of his own to the purchase-money, a trust will result to the *cestui que trust*, and the burden will be upon the trustee to show the amount of his own funds in the purchase; otherwise the *cestui que trust* will take the whole." (1 Perry on Trusts, 2d ed., §§ 127, 128.) "Where the trust fund constitutes

a part only of the purchase-money of the estate, the court usually gives a lien on the land only for the amount of the trust fund invested and interest; but where the entire land is the fruit of the trust fund, the *cestui que trust* has an election to take the land, or the trust fund and interest." (2 Perry on Trusts, 2d ed., § 842; *Beck v. Uhrich*, 16 Pa. St. 499; *White v. Drew*, 42 Mo. 561; *Seaman v. Cook*, 14 Ill. 501; *Cook v. Tullis*, 85 U. S. 332; *National Bank v. Insurance Co.*, 104 id. 54; *Morrill v. Raymond*, 28 Kas. 415; *Peak v. Ellicott*, 30 id. 156.)

Counsel suggest that as Waybright, on July 31, 1868, receipted as guardian of the minor heirs for the said sum of $2,537.39, due from him as administrator to the estate, and as this receipt was filed with the probate judge and the matters connected therewith placed on record in the probate court, that this action cannot be maintained. We think otherwise. Executors or administrators cannot be permitted, under any circumstances, to derive a personal benefit from the manner in which they transact the business or manage the assets of the estate. (1 Johns. Ch. 620; 4 id. 303; 1 Fonblanque's Eq., B. 1, ch. 2, § 12, K; 1 Story's Equity Jur., § 318.)

An administrator cannot purchase real estate in his own name with money belonging to the estate and expend other moneys of the estate in making improvements thereon, and then place the trust fund used by him as administrator beyond the reach of the heirs, by subsequently qualifying as guardian of the minor heirs of the estate, and as such guardian receipt to himself as administrator for the moneys of the estate previously used and expended by him. The heirs of the estate have an election either to hold the administrator and guardian personally responsible for the money of the estate invested in his own name, or to follow it into the land and have that adjudged trust property. They cannot, however, do both. In this case, the heir seeks to follow the money into the land, and does not rely upon the administrator's bond executed by Waybright, or upon the bond given by him as guardian.

The ruling and judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.