## A. B. Reeves v. Georgia M. Pierce.

### No. 12,002. (67 Pac. 1108.)

#### SYLLABUS BY THE COURT.

1. TRUSTS AND TRUSTEES—*Constructive Service.* In an action against a non-resident, in which it is sought to trace a trust fund into specific property held by him with notice of the trust, service by publication only is sufficient to give the court jurisdiction.

2. AMENDED PETITION—*Presumption of Law.* Where an amended petition was filed, which was received and acted upon by the trial court, it will be presumed, in the absence of a showing to the contrary, that it was filed with the permission of the court.

3. TRUSTS AND TRUSTEES—*Guardian and Ward—Insolvent Bank —Purchaser Held Trustee.* Where the money of a ward is placed in a bank without right, and mingled with the funds of the bank so that its assets are augmented and bettered in a tangible way, a trust is impressed upon the assets, and where the bank subsequently becomes insolvent and a receiver is appointed who sells a portion of the assets, and it appears that not only the bank and the receiver had knowledge of the trust, but also the purchaser himself, it will be held that such purchaser is himself a trustee of the fund and liable in equity to the ward for the same.

4. —————— *Sale by Receiver—Purchaser with Notice.* The receiver took the assets of the insolvent bank subject to all equities which existed against such assets when the appointment was made, and, as the ward was the true owner of the trust fund in the assets, neither the bank nor the receiver acquired any right to the same, nor had the receiver power to transfer a title to the property into which the trust fund had gone to a purchaser who had notice of the trust.

Error from Pawnee district court; J. E. ANDREWS, judge.   Opinion filed March 8, 1902.   Affirmed.

*G. P. Cline,* and *Osmond & Cole,* for plaintiff in error.

*Nelson Adams,* and *D. A. Banta,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. :  This was an action to trace a trust fund into certain real estate and to subject such real estate to the payment of the trust obligation.   It appears that in 1884 Norman J. Krusen was appointed guardian of Georgia M. Pierce and, after having qualified and entered upon his trust, he received the sum of $6882.34, the money of his ward.   At the same time Krusen was a stockholder and officer of a bank, and he took from the trust funds more than $3000 and invested the same in the stock of his bank, and this was done without permission of the probate court or any rightful authority whatsoever.   The money so acquired by the bank was placed in the general funds of the bank and was used by it in the payment of its obligations and in the ordinary course of its business. That the guardian purchased the stock without authority was well known to the officers and stockholders of the bank, and the investment was made and the money mingled with the assets of the bank without the knowledge or consent of the ward, and at a time when she was not capable of giving consent.   About the time that the ward reached majority, the guardian died insolvent, and the bank stock, which had been obtained by the illegal investment, was found among his effects.   Several years prior to this time, the bank, which had become insolvent, passed into the hands of

a receiver. On July 20, 1895, the assets remaining in the hands of the receiver, including the lands in question, were sold at public auction to A. B. Reeves and the sale was ordered on his application. He knew all of the facts pertaining to the unauthorized investment of the ward's money, the mingling of the same with the assets of the bank, and with this knowledge purchased the remaining assets of the bank, being the lands in question, for the sum of $5000. Instead of paying to the receiver the amount of his bid, he retained $3983.88, and no part of the same has since been paid. The purchase of these lands was made with full knowledge of the ward's rights and interests in the property, and the money due to her from the guardian has never been paid to her from any source whatever. Soon after obtaining her majority she brought this action, asking that a trust be declared against the property and that her claim, which amounted to $5247, be adjudged to be a lien on the real estate and that the same be sold in satisfaction of the claim.

It is first contended that no jurisdiction was obtained upon which a judgment could be rendered against the defendant below. Reeves was a non-resident of the state and service was obtained by publication only. Because of language in the prayer of the petition, which asked for a judgment against the defendant, it is contended that it must be regarded as an action *in personam*. The service that was made of course did not warrant a personal judgment, and none was in fact rendered. The language of the petition plainly shows that the purpose of the action was to trace the trust fund and fasten it upon specific property into which it is alleged to have passed. As the action was brought against a non-resident having

property in this state sought to be appropriated, it was competent, under section 72 of the civil code (Gen. Stat. 1901, §4506), to make service by publication. While a personal judgment could not be rendered, the pleadings justified the court in finding the amount of the trust fund due to the ward and in making it a charge against the assets into which it had gone. The objection to the jurisdiction was therefore rightly overruled.

Complaint is made that an amended petition was filed without permission of the court, but it is not available. The record fails to show that leave was not in fact granted, and since the amended pleading was received and acted upon, it will be presumed, in the absence of anything to the contrary, that it was regularly filed.

Are the facts in the case sufficient to charge the property with the trust? This question must be answered in the affirmative. The money of the ward went into the general business of the bank without right or authority, and, although mingled with the funds of the bank so as to be incapable of indentification, the assets of the bank were augmented and, bettered in a tangible and substantial way by this fund, and the trust was therefore impressed upon the whole of the assets. (*Peak v. Ellicott, Assignee,* 30 Kan. 156, 1 Pac. 499, 46 Am. Rep. 90; *Myers v. Board of Education,* 51 id. 87, 32 Pac. 658, 37 Am. St. Rep. 263; *Hubbard v. Irrigating Co.,* 53 id. 637, 36 Pac. 1053, 37 Pac. 625; *Insurance Co. v. Caldwell,* 59 id. 156, 52 Pac. 440; *Bank v. Bank,* 62 id. 788, 64 Pac. 634.)

The contention that the sale of the assets by the receiver, in pursuance of an order of the court, prevents the tracing of the fund into the hands of the pur-

chaser, is not sound. The receiver never acquired the equity and interest of the ward in the assets of the bank. The title of the property and assets was not affected by the appointment of the receiver. He took them subject to all equities and liens which existed against the bank when the appointment was made. The money misappropriated belonged to the ward and not to the bank, and, she being the true owner, neither the bank nor the receiver acquired any right to the same. The receiver was without power to sell and transfer the title to it or the property into which it had gone; at least, he could not transfer it to a purchaser who had notice of the trust. In the present case, the guardian, the bank and its officers, the receiver and the purchaser all knew of the trust and of the interest of the ward in the property sold, and no one can be an innocent purchaser, as against her, who acquires title with notice of the trust. (*Bank v. Bank,* supra; Beach, Rec. [And. ed.] § 219; 27 A. & E. Encycl. of L. 252.)

If the rights of innocent third parties had intervened, or, rather, if Reeves had been an innocent holder, there would be more force in the contention that an approved sale by a receiver had cut off the *cestui que trust;* but when he took the property with notice of the trust he became a trustee of the fund, and is liable in equity to the beneficiary to the same extent that the bank would have been while holding the property with notice of the trust.

The facts averred in the petition being conceded to be true, we have no hesitancy in sustaining the rulings of the district court. Its judgment will therefore be affirmed.

DOSTER, C. J., ELLIS, POLLOCK, JJ., concurring.