Clingman v. Hill.

### No. 22,075.

ORD CLINGMAN, as Guardian of the Estate of AMANUEL HILL, an Insane Person, *Appellee,* v. W. V. HILL and BRITTOMARTE HILL, *Appellants.*

##### SYLLABUS BY THE COURT.

1. TRUST FUNDS—*Misappropriation by Guardian—Funds May be Reclaimed Wherever Traced.* Where a guardian of the estate of an insane person diverts the funds of the estate and invests them in land, taking the title thereto in the name of his wife, who pays no consideration for the land, and where the purpose of both was to misappropriate the funds and defraud the estate, the legal representative of the estate may maintain an action against the defaulting guardian and his wife to reclaim the trust fund so diverted and to establish a trust against the land in which the trust funds were invested.

2. SAME—*Recovering Trust Funds—Nature of Action.* Such a proceeding is not one in the nature of a creditor's bill, and it may be maintained without first obtaining a judgment against the defaulting guardian and making a fruitless effort to enforce it by execution.

3. TRUST FUNDS IN LAND—*Action to Recover—Venue.* The action was rightly brought in the county where the land was situated, and, jurisdiction having been obtained on one of the defendants, a summons could be served upon the other defendant in another county, and while such service would not justify the rendition of a personal judgment against the defendant served in another county, it was sufficient to warrant the court in giving judgment declaring and establishing a lien upon the land in which the trust funds were wrongfully invested.

4. SAME—*Motion to Quash Summons—Review.* A ruling denying a motion to quash the service of summons is not reviewable until final judgment is rendered.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed January 11, 1919. Affirmed.

*R. E. Melvin,* of Lawrence, for the appellants.

*Ord Clingman, J. Q. A. Norton, Walter G. Thiele,* all of Lawrence, and *L. H. Finney,* of Wellington, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The purpose of this action was to trace and reclaim a trust fund belonging to the estate of an insane person, which had been misappropriated and invested in real estate.

10—104 KAN.

In his petition, Ord Clingman, as guardian of the estate of Amanuel Hill, alleged, in substance, that W. V. Hill, a former guardian of the estate, had used assets of the estate to purchase a drug store in Lawrence, Kan., taking the title in his own name; that afterwards he used additional funds to replenish the stock of the store; and that subsequently he exchanged the drug store for a tract of land in Sumner county, taking the title thereto in the name of his wife, Brittomarte Hill. It is alleged that she paid no consideration for the property, and that she knew that it had been acquired with the funds of the estate, and, further, that she and her husband conspired together to conceal and fraudulently appropriate the assets of the estate. It is further alleged that W. V. Hill was removed as guardian on March 13, 1917, when an order was made directing him to turn over to his successor the sum of $6,065.57, the amount of the fund misappropriated. The plaintiff not only sought to reclaim the fund invested in the land, but he also asked for a personal judgment against W. V. Hill for the amount misappropriated.

The action was brought in Sumner county, where the land is situated, and summons was served upon both defendants in Douglas county, where they resided. Defendant Brittomarte Hill filed a demurrer challenging the sufficiency of the allegations, and alleging a misjoinder of causes of action. W. V. Hill appeared specially and moved the court to set aside the service upon him for the reason that a valid service could not be made upon him in Douglas county. The court denied his motion and overruled the demurrer of the other defendant, and from these rulings the defendants appeal.

It is the contention of defendants that the action is in the nature of a creditor's bill, a remedy which they insist is not available to a creditor until he has exhausted his legal remedies, and that such an action will not lie until he has obtained a judgment and has made a fruitless attempt to enforce it by execution. The plaintiff does not stand in the attitude of a general creditor, but rather in the situation of an owner of a trust fund which he is seeking to reclaim. The remedy sought by the plaintiff is not one to aid a creditor in reaching property not subject to execution, but it is for the enforcement of an equity in property in which a trust fund was invested. When

Clingman v. Hill.

trust funds have been wrongfully diverted into other property, they can be followed and the trust impressed on the substituted property, not only as against the trustee, but also as against any one who has knowingly participated with him in the misappropriation. It is alleged that the wife of the unfaithful guardian not only had notice of the trust, but that she conspired with him in the effort to hide the fund and defraud the estate. A purchase of land by the defendants with trust funds was virtually a purchase for the estate. It has been held that:

"In cases like this our courts proceed on the theory that no title to the trust fund ever passes to the trustee, and however it has been mingled with other property the title still remains in the *cestui que trust*, and, further, that an assignee into whose hands the fund comes must pay over the trust fund to its owner in advance of payment to general creditors." (*Bank v. Bank*, 62 Kan. 788, 793.)

It was further stated in the same case that:

"Equity follows a trust fund through any number of changes and allows an owner to reclaim it when and wherever it can be identified. It matters not how much it may have been changed, either in form or character, it still belongs to the owner, and if it, or its fruits or substitute, can be found among the assets of the trustee, the amount of the fund may be taken out of such assets, providing no superior rights of innocent third parties have intervened." (*Bank v. Bank*, 62 Kan. 788, 795, 64 Pac. 634.)

(See, also, *Merket v. Smith*, 33 Kan. 66, 5 Pac. 394; *Myers v. Board of Education*, 51 Kan. 87, 32 Pac. 658; *Hubbard v. Irrigating Co.*, 53 Kan. 637, 36 Pac. 1053, 37 Pac. 625; *City of Larned v. Jordan*, 55 Kan. 124, 39 Pac. 1030; and *Reeves v. Pierce*, 64 Kan. 502, 67 Pac. 1108.)

It is next contended that the court did not acquire jurisdiction of W. V. Hill by the service of a summons upon him in Douglas county. As the action was brought to determine an interest in land, it was properly brought in the county in which the land is situated. (Civ. Code, § 48, Gen. Stat. 1915, § 6938.) There is a provision of the code that:

"Where the action is rightly brought in any county, according to the provisions of article 5 [within which is included section 48], a summons shall be issued to any other county against any one or more of the defendants, on the plaintiff's præcipe." (Civ. Code, § 61, Gen. Stat. 1915, § 6952.)

There was a general appearance by Brittomarte Hill, in whom the title was placed by her husband, and, hence, there

was authority to serve W. V. Hill in another county. He was certainly in court for the purpose of declaring and establishing a trust in the land, although such service does not warrant a personal judgment against him. (*Reeves v. Pierce*, supra.) If a personal judgment against him is recoverable under the averments of the petition, the ruling on his motion, refusing to set aside the service, is not available as error until final judgment is rendered. (*Oil Co. v. Beutner*, 101 Kan. 505, 167 Pac. 1061.) There may be a question whether the plaintiff, having elected to trace a trust fund and impose the trust upon specific property, can also hold the defaulting guardian personally liable for funds misappropriated. (*Merket v. Smith*, supra; *City of Larned v. Jordan*, supra.)

Since the order denying the motion to quash is not reviewable, we will not undertake to determine the question on this appeal.

Judgment affirmed.