**SILBERMAN, Plaintiff-Appellant, v. SILBERMAN et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23074. Decided September 29, 1954.

Daus & Schwenger, Harry Kottler, of Counsel, Cleveland, for plaintiff-appellant.

Bernsteen & Bernsteen, Jos. S. Kreinberg, Cleveland, for defendants-appellees.

## OPINION

By HURD, PJ.:

This is an appeal on questions of law from a final order of the court of common pleas sustaining a motion to quash service of summons by publication upon two individual defendants who are residents of Michigan. There are three other in-

dividual defendants residents of Ohio and two corporate defendants, The Shaw Warehouse Company and The Shaw Holding Company, both domiciled in Ohio with their principal places of business in the City of Cleveland.

Plaintiff, in his petition, alleges in substance that he had in his possession the sum of approximately $45,000.00 being the property jointly of the appellant and his brother and sisters, defendants herein, and that under an agreement said funds were deposited with a third party for the purpose of purchasing two separate parcels of real property described in the petition; that said third party caused the two corporate defendants to be formed and said real property was conveyed by deed to said corporations for the benefit of plaintiff and individual defendants and that subsequently, in violation of said agreement, all of the shares of stock were issued to his brother and sisters and no shares of stock were issued to him covering his proportionate interest in the trust fund. By this action he seeks a decree to impress a constructive trust in his favor upon a proportionate number of shares of stock claimed to be due him in the said corporations.

Personal service was had upon the statutory agents of the resident corporate defendants and upon the other individual defendants residing in this county.

Plaintiff by affidavit secured service by publication upon the two non-resident defendants without any attachment of any property of said defendants in this jurisdiction. The court in sustaining the motion to quash ruled as follows: :

"This is an action to declare a trust and not an action by a trustee as contemplated by the Code and for the further reason that there is no seizure of real estate or personal property whereby jurisdiction might attach."

The principal assignment of error is that the trial court erred in sustaining the motion to quash service of summons by publication on the two non-resident defendants, and in dismissing them from the action on the ground that there was no seizure of real or personal property of the non-resident defendants.

It is the contention of plaintiff-appellant in this case that the situs of the shares of stock of the defendant domestic corporations, for the purpose of determining title thereto, is in Ohio and that since the action is in rem and the res is before the court, service of summons by publication is proper without the necessity of attaching the shares held by the individual non-residents. Appellant relies upon §2703.14 **R. C.** **subsection (i)** (formerly §11292 **GC (9)** which reads as follows:

"Sec. 2703.14 R. C. (§11292 GC).

"Service by publication: Service may be made by publication in any of the following cases: * * *

"(i) In an action which relates to or the subject matter of which is real or personal property in this state, when the defendant has or claims a lien thereon, or an actual or contingent interest therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is not a resident of this state, or is a foreign corporation or his place of residence cannot be ascertained."

It appears that the question presented is one of first impression in Ohio. It is argued by appellant that a comparable statute has been interpreted favorably to the contention of the appellant by the Supreme Court of the United States in the case of Jellenik v. Huron Copper Mining Co., 177 U. S. 1; 44 Law Ed. 647; 20 S. Ct. 559 where suit was brought in the United States Court for the District of Michigan, by shareholders in a Michigan corporation against the corporation and certain non-resident stockholders. The federal statute upon which that action was based was referred to in the Jellenik case as "the 8th Section of the Act of March 3, 1875." "An Act to determine the jurisdiction of circuit courts of the United States and to regulate the removal of causes from state courts and for other purposes." (Presently Title 28, Sec. 1656, Vol. 33, p. 581, Rules Edition, Federal Practice & Procedure.)

The applicable part of that Act provides as follows:

"8. That when in any suit, commenced in any circuit court of the United States, to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer or demur, by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six consecutive weeks; and in case such absent defendant shall not appear, plead, answer or demur within the time so limited, or within some further time, to be allowed

by the court, in its discretion, and upon proof of the service or publication of said order, and of the performance of the directions contained in the same, it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district; but said adjudication shall, as regards said absent defendant or defendants, without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district * * *." (Emphasis by the court.)

The court in that case held as appears by paragraph 3 of the syllabus, as follows:

"3. That for the purposes of that act the stock held by the citizens of Massachusetts was to be deemed personal property 'within the district' where the suit was brought. The certificates of stock were only evidence of the ownership of the shares, and the interest represented by the shares was held by the company for the benefit of the true owner. As the habitation or domicil of the company is and must be in the State that created it, the property represented by its certificates of stock may be deemed to be held by the company within the state whose creature it is, whenever it is sought by suit to determine who is its real owner."

The plaintiffs in that case claimed that they were the real owners of certain shares of stock of the corporation, the certificates of which were held by the Massachusetts defendants and sought a decree removing a cloud upon their title to such shares and adjudging that they were entitled to such shares. The analogy between that case and the instant case is immediately apparent. It remains only to determine whether or not there is any substantial difference between the federal statute and the Ohio statute, Sec. 2703.14 (i) R. C. relied upon in this case.

In a comparison of the applicable parts of the two statutes, making allowance for the differences in jurisdiction, we find no substantial difference. Attention is directed to the provisions of §2703.14 R. C. sub-section (i) where quite definitely service by publication is authorized in an action which relates to real or personal property, when the defendant claims a lien thereon, or is wholly or partly excluded from an interest therein. This provision substantially equates a similar provision in the federal statute "to enforce or to remove any encumbrance or lien or cloud upon the title to real or personal property."

In the instant case, the plaintiff is claiming by petition that

he is being excluded from his interest in the corporations and that he is entitled to a decree in the nature of a lien upon the proportionate number of shares or to have a trust declared therein in his favor. This is sufficient we believe to bring the plaintiff within the purview of the Ohio statute.

From the foregoing, it is the conclusion of the members of this Court that the Ohio statute is comparable substantially to the federal statute and that inasmuch as the domicile of the defendant companies must be in Ohio, the property represented by the certificates of stock thereof must be deemed to be held by the corporations within Ohio whose creatures they are. This is factually true in this case inasmuch as the principal assets of the corporations consist of real property located in Cleveland, Ohio. As we view it, the certificates of stock held by the non-resident defendants in Michigan are evidence only of their ownership of shares and that the interest represented by the shares is held by the company for the benefit of the true owners. In other words, the situs of the shares of stock for the purpose of determining title thereto in the instant case must be found to be in Ohio. Obviously, no personal judgments can be rendered against the non-resident defendants but the action being one in rem, the court is vested with jurisdiction authorizing service by publication to adjudicate the issues made by the pleadings.

We have examined cases in other jurisdictions which are generally analogous and are cited as follows:

Hook v. Hoffman, 16 Arizona 540, 147 Pac. 722 (1915); Gamble v. Dawson, 67 Wash. 72, 120 Pac. 1060 (1912); Patterson v. Farmington St. Ry. Co., 76 Conn. 628, 57 A. 853 (1904); Thompson v. Terminal Shares Inc., 89 F. 2d, 652 (C. C. A. 8, 1937); Reeves v. Pierce, 64 Kans. 502, 67 Pac. 1108 (1902); Harris v. Chicago Title & Tr. Co., 338 Ill. 245, 170 N. E. 247 (1930); Fahrig v. Milwaukee & Chic. Breweries Ltd., 113 Ill. App. 525 (1904); and Andrews v. Qusyaquil & Quito Ry. Co., 69 N. J. Eq. 211, 60 Atl. 568 (1905).

Appellees argue that there are certain factual differences which must distinguish the instant case from Jellinek and other cases. It is true that there are factual differences in certain respects but we have examined the facts in each case carefully and have reached the conclusion that in principle the issues made in each case are the same. The fact that in the Jellinek case the action was on behalf of plaintiff and other stockholders does not change the principle, nor does the fact that the directors and officers had made an illegal assessment on shares of stock of stockholders change the principle so far as the rights of action are concerned.

We are confirmed in this view by decisions of other jurisdictions of later date than the Jellinek case cited above, which upon analysis clearly show that the situs of the shares of stock of a domestic corporation for the purpose of determining title thereto is where the corporation is domiciled and that in such case, where the action is in rem only, service may be had by publication if authorized by statute.

For the reasons stated, therefore, the judgment of the common pleas court is reversed for error of law in granting motions to quash service of summons and the cause is remanded with instructions to overrule such motions and for further proceedings according to law. Exc. Order see journal.

KOVACHY, J, SKEEL, J, concur.