SEIGFRIED SCHULEIN *et al.* V. D. W. HAINER.

FRAUDULENT VENDEE—*Rights of Vendor—Bona Fide Purchaser.* Where a vendee, by a fraudulent purchase, procures personal property from an innocent vendor, and then sells it to another for the consideration only of the payment of a preëxisting debt, the original vendor may treat all transfers as void, and recover in an action against the purchaser from the fraudulent vendee the value of the property.

### *Error from Lyon District Court.*

ACTION by *Schulein* and another against *Hainer* to recover for goods sold. Verdict and judgment for defendant, at the February term, 1888. The plaintiff brings the case to this court. The facts appear in the opinion.

*L. B. Kellogg,* and *T. N. Sedgwick,* for plaintiffs in error.

*J. Jay Buck,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Lyon county, on November 19, 1887, by Seigfried Schulein and A. Schulein, partners, as Seigfried Schulein & Co., against D. W. Hainer, for the recovery of $243.85 and interest. The case was tried before the court and a jury, and the verdict and judgment were in favor of the defendant and against the plaintiffs; and the plaintiffs, as plaintiffs in error, bring the case to this court.

It appears that the plaintiffs were engaged in a wholesale drug, stationery and notion business, at Fort Scott, in Bourbon county. The defendant was engaged in a retail business of the same character at Emporia, in Lyon county; and J. E. Thomas was engaged in a like retail business at Dunlap, in Morris county. Thomas purchased of the plaintiffs certain goods, and sold them to the defendant, Hainer, for the consideration only of the payment of a preëxisting debt due from Thomas to Hainer. At the time of these purchases and sales, Thomas was insolvent and had an outstanding chattel mort-

gage on his goods for all that they were worth; and there was also some evidence tending to show that he bought the goods from the plaintiffs with the intention of defrauding them and of not paying for them. On the trial in the court below the court instructed the jury, among other things, as follows:

"6. The burden of proof is upon the plaintiff to establish the claim of fraudulent intent on the part of said Thomas, as alleged, and the knowledge thereof on the part of the defendant, Hainer, and that the goods sued for were received by defendant, Hainer, and the value thereof, all of which must be shown by a preponderance of the evidence in the case."

The plaintiffs rely principally upon the case of *Henderson v. Gibbs*, 39 Kas. 679, in which it was decided, among other things, as follows:

"Where personal property is fraudulently procured by purchase from an innocent owner, and the fraudulent vendee afterward sells the property to an innocent and *bona fide* purchaser, except that the only consideration moving from the second purchaser to the fraudulent vendee is the payment or partial payment of a preëxisting debt due from the fraudulent vendee to the second purchaser, the original owner may rescind the contract made by him with his fraudulent vendee and recover the property from the second purchaser.

"Where personal property is fraudulently procured by purchase from an innocent owner, and the fraudulent vendee afterward transfers the property to some third person, the title passes from the original owner, first to the fraudulent vendee and then to the third person, subject only to the right of the original owner to rescind his contract with his fraudulent vendee and retake the property; and this only when he places or leaves both his fraudulent vendee and the second purchaser in the same condition they were in before their respective purchases."

For the purposes of this case, we shall treat the two cases as being precisely alike, except in the following particulars: The first case was an action of replevin, brought by the original vendor against the second purchaser to recover the identical property sold by the original vendor; while this case is an action by the original vendor against the second purchaser for the recovery of $243.85, the value of the goods

which had previously been sold by the original vendor to the fraudulent vendee, and transferred by him to the second purchaser. In other words, the two cases are precisely alike, except that one was replevin for the identical property, while the other is for its value. We shall discuss these things hereafter. Of course, a *bona fide* purchaser from a fraudulent vendee would obtain a good title, and would not be subject to any liability; but Mr. Tiedeman, in his work on Sales, § 329, says that, in order that one may claim to be a *bona fide* purchaser, three things must be establised. The first we shall omit; the second and third are as follows:

"*In the second place,* the interest must be acquired for a valuable consideration. Something of value must be parted with, or some contingent liability, like a guaranty, acceptance, or indorsement, must be assumed by the party acquiring the interest in the goods.

"Although there are a few cases which maintain that a pre-existing debt is a sufficient consideration to make an attaching creditor a *bona fide* purchaser, the better opinion is, that it is not sufficient, because there is no parting with value in reliance upon the title to the goods thus acquired, and that an attaching or other creditor is not a *bona fide* purchaser, unless the debt was incurred subsequently and upon the credit of the goods, or something of value has been given in the way of security, such as notes in consideration of the transfer of property, or where additional property is given to the transferer as part consideration of the transfer. And the same rule has been applied to assignees in bankruptcy, and assignees for the benefit of creditors.

"Finally, the purchaser must take the goods in good faith and without notice of the defect in his vendor's title. But not only must he be without knowledge of the defect, but he must not even know facts which are calculated to arouse the suspicion of a reasonably prudent man that everything was not right. And he is a *bona fide* purchaser only to the extent of the consideration which he has transferred before learning of the defect of title. He cannot claim to be a *bona fide* holder as to the consideration which he transfers after knowledge of the defect.

"The burden of proof is on the party who claims the protection of a *bona fide* purchaser."

We are inclined to think that in principle the case of *Henderson v. Gibbs*, 39 Kas. 679, is controlling in the present case, notwithstanding the differences existing between them. The rule as enunciated in that case was stated only just broadly enough to cover the facts of that case, and not as broadly as it might have been stated, or as it in fact is. In that case it was decided that the original vendor had the right to pursue his property into the hands of the purchaser from his fraudulent vendee, and to recover it in an action of replevin; and that was upon the theory that the original vendor had the right to treat the sale to his fraudulent vendee as void, not only as to the fraudulent vendee, but also as to the purchaser from such fraudulent vendee, for the reason that such purchaser was not a *bona fide* purchaser, and this for the reason that he took the property from the fraudulent vendee only in payment of a preëxisting debt; and treating the sale as void, the said purchaser from the fraudulent vendee obtained no title to the property. To this extent the case of *Henderson v. Gibbs*, ante, controls this. And considering the property as still belonging to the original vendor, he would certainly, as against such a purchaser, have the right to resort to any of the remedies, at his election, which would be proper in a case where one party is wrongfully detaining the property of another from him, or has converted the same to his own use. The remedy might be an action of replevin for the specific property, or it might be an action for money up to the value of the property, or up to the amount of the benefit derived therefrom by the purchaser from the fraudulent vendee, as, for instance, the proceeds of a sale of the property made by such purchaser. The action of replevin would not always be an adequate remedy. As to real estate, it could never be a remedy at all; and as to personal property, it could be a remedy only where the identity of the property was still preserved and could be established.

In the present case, the defendant, Hainer, after purchasing the goods from Thomas, so mixed them with his own that probably they could not afterward be identified. We can im-

agine other cases still worse. Suppose that the goods were cattle or hogs, and immediately after their sale to the second purchaser they should be butchered and the meat sold in small quantities to a thousand different purchasers: then what would the action of replevin be worth? And would the original vendor be without any other remedy? In our opinion, the foregoing instruction given by the court to the jury was erroneous so far as it instructed the jury that in order that the plaintiff might recover he should establish, by a preponderance of the evidence, that the defendant, Hainer, had knowledge of the fraudulent intent on the part of Thomas. In further support of the views herein expressed, we would cite the following cases: *Hyde v. Ellery*, 18 Md. 496; *Pope v. Pope*, 40 Miss. 516; *Thompson v. Rose*, 16 Conn. 71; same case, 41 Am. Dec. 121.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.