THE JOHN S. BRITTAIN DRY-GOODS COMPANY v. JULIUS MERKEL, ALBERT ROTHSCHILD AND JULIUS ROTHSCHILD, *Partners as Rothschild Brothers*, CLARA KAUFFMAN, AND D. KAUFFMAN.

No. 681.* (61 Pac. 675.)

1. SALES—*Fraud—Rescission of Contract—Notice.* A vendor of goods seeking to recover their possession from his fraudulent vendee, who obtained possession with an intent not to pay therefor, or from his vendee's mortgagee, not being a *bona fide* pur-

---

* Petition for order to certify denied by supreme court August 14, 1900.—REP.

chaser for value, is not required to give a prior notice of his intention so to do.   Bringing replevin therefor is a sufficient election to rescind.

2. ———— *Mortgagee of Fraudulent Vendee — Preexisting Debt.*   A mortgagee of such fraudulent vendee who takes the mortgage to secure a preexisting debt is not a purchaser for value. (*Schuline v. Hainer*, 48 Kan. 249, 29 Pac. 171.)

3. ———— *Replevin—Pleading.*   An allegation of general ownership in a petition in replevin in such a case is sufficient upon which to base a judgment for the recovery of the possession of the goods.

4. ———— *Existence of Fraudulent Intent — Knowledge of Vendor.*   If the fraudulent intent not to pay for the goods exists at the time possession is obtained, it is not essential that the vendor be apprised thereof before parting with his possession.

5. ———— *Payment or Tender by Vendor.*   Such vendor is not required to pay or tender to the fraudulent vendee's mortgagee the fees paid for recording his mortgage and expenses in taking possession as a prerequisite to maintaining his replevin suit.

Error from Jackson district court; LOUIS A. MYERS, judge.   Opinion filed June 15, 1900.   Reversed.

*Jackson & Jackson*, for plaintiff in error.

*Hayden & Hayden*, for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J.: This was an action in replevin by the plaintiff in error to recover certain articles of merchandise.   The answer was a general denial.   It appears by the uncontradicted evidence that the plaintiff in error shipped the goods to Julius Merkel upon his order; and that for the purpose of procuring the goods he made false statements, which he . must have known to be false, and immediately upon receipt of the goods mortgaged them to friends of his for the purpose of securing preexisting debts, one of which had been paid.

From the evidence of the plaintiff, which is undis-

puted, the only reasonable conclusion that can be arrived at is that Merkel at the time he ordered the goods did not intend to pay for them, and, in fact, was insolvent, assuming that he owed the debts and in addition the debts to the defendants, to whom he had given chattel mortgages upon the goods. Immediately upon giving the mortgages he left the state and did not return. The trial resulted in a judgment for the defendants.

The errors assigned are, first, in excluding a copy of a telegram sent by plaintiff to defendant Merkel that it had elected to rescind the sale. We do not deem it essential to determine whether the telegram was properly excluded or not. If it was erroneously excluded, under the rules of evidence it was immaterial.

The second assignment of error is in excluding the original telegram from Merkel in reply thereto, and to this the same conclusion is applicable.

The third assignment of error is that the court erred in holding that the sale was not induced by the fraudulent representations and statements of the defendant Merkel. As heretofore indicated, the only conclusion that can be reasonably deduced from the facts proven is that Merkel did procure the goods from the plaintiff by fraudulent misrepresentations and with a preconceived intention not to pay for them.

The fourth assignment of error is that the court erred in holding that the defendants, mortgagees, were *bona fide* purchasers within the meaning of the law, and were protected as such, notwithstanding Merkel had obtained actual possession with the fraudulent intent above indicated. This was error. (*Schuline v. Hainer*, 48 Kan. 249, 29 Pac. 171.)

The fifth assignment of error is in overruling plain-

Brittain v. Merkel.

tiff's motion for a new trial.  It is contended in behalf of the defendants that the judgment of the district court ought to be sustained, because the plaintiff could not prevail under the allegations of its petition of a general ownership.  Under the decisions of the courts of this country, the vendee acquired neither the right of possession nor the right of property.  (Benj. Sales, Bennett's 4th Am. ed., § 451; also, § 440, note B, and cases therein referred to.)

Again, it is contended that the judgment should not be disturbed because the evidence clearly and conclusively shows that the goods were sold and shipped before the representations were made.  It is sufficient answer to this that the representations were made at the time the goods were shipped, though a part of them had been billed before the statement; the fraudulent intent not to pay for the goods existed.  A fraud was contemplated in the beginning, and it is immaterial that the plaintiff was not aware of it at the time it billed out the first lot of goods.

It is again contended that the evidence fails to show that the representations made by defendant Merkel were untrue.  If the defendants had any claim whatever against Merkel, as they contend to support their chattel-mortgage liens, the statements were necessarily untrue.

It is again contended that the prerequisites necessary to effect a rescission were not complied with before the commencement of the action, because no notice of rescission had been given.  The beginning of a replevin suit was sufficient election and notice thereof.  Again, it is said that the necessary prerequisite of putting defendant Merkel in *statu quo* had not been complied with.  He had not paid for the goods in whole or in part, nor had he given any security

therefor of any character. The plaintiff was in possession of nothing to return to him. But it is said that the mortgagees had been to expense in getting their mortgages and having them recorded, etc. For this they would have to look to Merkel and the remainder of the stock covered by the mortgage. With this the plaintiff had nothing to do. It was not necessary that the mortgages themselves should be proven to be fraudulent, nor was it necessary that the mortgagees, under the circumstances of the case, should have had knowledge of the fraudulent intent of Merkel in obtaining possession of the goods.

It is urged in the fifth place that the goods were not sufficiently identified by evidence to authorize judgment for their recovery. The goods were found by the sheriff, identified, taken under the writ, redelivered to the defendants upon the execution of a bond, as required by the statute, and were identified by the employees of the plaintiff at their examination at the trial with sufficient certainty to authorize a recovery.

The judgment is reversed, and the case remanded with directions to sustain the plaintiff's motion for a new trial.