No. 20,099.

THE SECURITY STATE BANK of Rosedale, *Appellant,* v. W. D. CLARKE et al., *Appellees.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Assignment to Maker—Reissued by Maker to New Obligee "Without Recourse"—Maker Released.* Where a note secured by a mortgage is assigned before maturity to one of the makers, and reissued by him to a new obligee by means of an endorsement stating that the transfer is without recourse upon either of the makers individually, and that the assignee "assumes and agrees to pay the said note as between the makers thereof," the makers are thereby relieved from personal liability to any subsequent holder of the note.

2. NOTE—*Fraud Practiced in Obtaining Note—Question Properly Litigated in Foreclosure Action.* No error is committed in allowing the claim of the assignor of a note to recover it, because of fraud practiced in obtaining it from him, to be litigated upon proper pleadings in an action brought by a subsequent holder to foreclose a mortgage which it secures, where all the persons affected are parties, and the issue is submitted to a jury.

3. NOTE—*Fraudulently Obtained—Owner May Reclaim.* The owner of a note who has been fraudulently deprived of it may reclaim it against one who acquired it after maturity from the perpetrator of the fraud

(or from one who obtained it from him without a valuable consideration) without notice thereof, as security for a preëxisting debt.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed November 11, 1916. Affirmed.

*E. J. Sheldon,* and *S. J. Shively,* both of Paola, for the appellant.

*Frank M. Sheridan,* and *Bernard L. Sheridan,* both of Paola, for appellees W. D. Clarke and Lillie B. Clarke.

*Rufus A. Underwood,* of Tulsa, Okla., for appellee G. W. Hampton.

The opinion of the court was delivered by

MASON, J.: The Security State Bank brought an action seeking a personal judgment against W. D. Clarke upon a note executed by him and his wife, and the foreclosure of a real-estate mortgage securing it. G. W. Hampton, one of the defendants, through whom, by intervening assignments, the plaintiff derived title, claimed to be the real owner of the note and mortgage, and entitled to their proceeds, on the ground that he had been induced by fraud to transfer them, and that the plaintiff had not acquired them under such circumstances as to give it the rights of an innocent purchaser. The court held that the admitted facts relieved Clarke from personal liability, and submitted Hampton's claim of ownership to a jury, which found in his favor, judgment being rendered on the finding. The plaintiff appeals from the decision releasing Clarke, and from that declaring Hampton to be entitled to the proceeds of the mortgage.

1. The note was executed July 8, 1910, to the Citizens State Bank of Paola, and was made payable in two years. On October 24, 1910, the payee executed an assignment purporting to transfer the note and mortgage to Clarke. On February 15, 1911, Clarke delivered the papers to G. E. Hampton, with this endorsement on the note:

"The within note is hereby transferred and assigned without recourse on either of the makers of the said note individually as shown by the assignment of the mortgage securing this note.    W. D. CLARKE."

The assignment written on the mortgage was in these words:

"For value received I, the undersigned W. D. Clarke, transfer without recourse on me or upon my wife, the other maker, hereby assign and transfer to G.. E. Hampton all my right, title and interest in and to a certain mortgage note described in a mortgage executed by myself and wife on the following real estate [describing it]· . . . . As a part consideration of this assignment the said G. E. Hampton assumes and agrees to pay the said note as between the makers thereof. The said note having become due prior hereto by reason of the default in the payment of the interest thereon under the terms of said mortgage and this assignment is made with the agreement on the part of the present holder of the title to said real estate, subject to this mortgage."

Subsequently assignments of the note and mortgage were made by G. E. Hampton to G. W. Hampton, by G. W. Hampton to W. J. Hartman, by Hartman to P. S. Carpenter, and by Carpenter to the plaintiff.

By statute a note is discharged when the principal debtor becomes its holder at or after maturity. (Gen. Stat. 1909, § 5372.) Some difference of opinion exists as to whether the transfer of a note to its maker before it is due effects a discharge so as to prevent its further negotiation. (4 A. & E. Encycl. of L. 500, 501. See, also, 8 C. J. 342, 584; 3 R. C. L. 1272; Note, 95 Am. Dec. 587.) Such an assignment to one of several makers is held to destroy its character as a negotiable instrument so far as to prevent the transfer by him of a right to look to his co-makers for anything more than contribution. (4 A. & E. Encyl. of L. 501, and Note 4.) But no reason is apparent why a maker to whom a note has been assigned might not in any case reissue it in such manner as to make it binding upon himself. (*Curry v. Lafon,* 133 Mo. App. 163.) Such an arrangement, where a discharge had been effected, would of course constitute an entirely new contract. The plaintiff contends that here the use of the phrase "without recourse" in the indorsement only relieved Clarke from liability as an indorser, and left him still personally liable as the maker. That the parties actually intended that he should be released in one capacity and not in the other is hardly conceivable. Assuming, however, that the mere use of the term "without recourse" would have that effect on the ground that custom has given it a meaning applicable only to an indorser, the indorse-

ment on the note adopts by reference the provisions of the assignment written on the mortgage, and the language of the latter makes it clear that the parties had in mind that the assignee was to look only to the land for the payment of the indebtedness, having assumed the payment of the note "as between the makers." The special contract, by which the transfer of the note and mortgage was effected, being shown by the indorsement, was binding upon subsequent assignees, and should be enforced according to its obvious meaning.

2. G. W. Hampton pleaded, in substance, that he had traded the note and mortgage to W. J. Hartman for land which he fraudulently represented that he owned, but to which in fact he had no title. Evidence was introduced in support of the allegation, which was accepted by the jury and trial court, so that the fact for the purposes of this proceeding must be deemed to be established. The plaintiff contends that Hampton could raise the question of fraud only by a direct attack, while that which he has here undertaken is collateral. If Hampton was defrauded he had a right to reclaim the note and mortgage in an action brought for that purpose. All the persons concerned or affected were parties to the foreclosure, and as the issue of fraud was submitted to a jury, their rights were as fully protected as though a separate action had been brought for its determination, and no error was committed in requiring it to be decided in this one.

3. The transfer from Hartman to Carpenter was dated March 8, 1913, and was shown not to have been made for a valuable consideration, so that Hampton's right to reclaim the note was not affected by it. The vital question was whether the bank received the note from Carpenter under such circumstances as to give it the rights of an innocent holder as against Hampton. The note being overdue at the time, no question peculiar to the transfer of negotiable paper was involved. The rule with regard to the past-due note was the same as in the case of any ordinary personal property—an owner who had been fraudulently induced to part with its title could reclaim it from one who had received it without notice of the fraud, unless in obtaining it he had parted with something of value; and accepting it as security for an existing debt does not meet that requirement. (*Schulein v. Hainer*, 48 Kan. 249, 29 Pac.

171; Note, 36 L. R. A. 161.) There was evidence to the effect that the plaintiff acquired the note in controversy as collateral security for a preëxisting debt, and the jury, must be deemed to have found this to be the case, for the court instructed them in effect that the plaintiff's right to be regarded as an innocent purchaser depended upon whether it acquired the note for a new consideration or as security for a debt already incurred. The jury having found, upon sufficient evidence, that the plaintiff's rights to the note were no greater than Hartman's, it was concluded by the finding against him, and Hampton was properly adjudged to be entitled to the proceeds of the mortgage.

Complaint is made of the sustaining of an objection to a question asked of one of the plaintiff's witnesses, but the matter to which it related seems to have been covered by other testimony, and in any event no showing was made at the hearing of the motion for a new trial as to what the answer would have been. (Civ. Code, § 307.)

The judgment is affirmed.