No. 24,508.

ORD CLINGMAN, as Guardian, etc., *Appellee*, v. W. V. HILL et al. *Appellants*.

SYLLABUS BY THE COURT.

TRUST FUNDS—*Wrongfully Converted by Trustee—May be Followed into Hands of Third Party*. Property purchased by a trustee with trust funds wrongfully converted to his own use may be followed into the hands of one who acquired it without notice of the wrong, but who gave nothing for it beyond the discharge of a preëxisting debt.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed June 9. 1923. Affirmed.

*George K. Melvin.* and *R. E. Melvin,* both of Lawrence. for the appellants.
*John Q. A. Norton, Walter G. Theile,* both of Lawrence, and *L. H. Finney,* of Wellington, for the appellee.

The opinion of the court was delivered by

MASON, J.: Ord Clingman, as guardian of Amanuel Hill, an insane person, brought this action against W. V. Hill and Brittomart Hill, his wife, seeking to impress a trust in favor of the plaintiff as such guardian upon a quarter section of land standing in the name of Mrs. Hill. The case was called for trial and after preliminary statements had. been made by the attorneys the plaintiff moved for a judgment in his favor upon such statements, the pleadings, and copies of records admitted to show correctly certain probate court proceedings. The motion was granted, judgment was rendered, and the defendants appeal.

Clingman v. Hill.

On a previous appeal the petition was held to state a cause of action. (*Clingman v. Hill*, 104 Kan. 145, 178 Pac. 243.) It contains allegations to this effect: W. V. Hill was formerly guardian of Amanuel Hill, his brother. He wrongfully used $4,000 belonging to the estate in the purchase of a drug store in the equipment of which he later used $1,000 from the same source. About September 1, 1916, he traded the drug store for the quarter section of land, taking the title to the 'latter in the name of his wife, who accepted it with knowledge of these facts and without paying any consideration, and with a purpose to defraud the estate. On March 13, 1917, W. V. Hill was removed as guardian, being found to have disposed of $6,065.57 of his brother's money, and was ordered by the probate court to turn over that sum to his successor, the plaintiff. The preliminary statement of the defendants' attorney in effect admitted all the material allegations of the petition excepting those relating to Mrs. Hill's knowledge of her husband's wrongdoing, to her purpose to defraud, and to the precise terms on which the farm was procured. The case turns upon the question whether the farm in the hands of Mrs. Hill is beyond the plaintiff's reach upon the theory that she is an innocent purchaser for value. The plaintiff contends that the judgment can be upheld upon these three grounds: (1) Mrs. Hill had constructive knowledge through her attorney of the store having been purchased with the money of Amanuel Hill; (2) she had actual knowledge of it from having heard her husband admit it as a witness in the probate court; (3) she was not a purchaser for value in the sense here involved, because she gave nothing for the farm beyond releasing her husband from an existing debt he owed her.

The attorney who represented W. V. Hill in the probate court during his guardianship testified that in the spring of 1916 Hill and his wife came to his office and "at their suggestion and dictation" he "drew for them, or for him," a note for $5,000 which Hill owed his wife, with a mortgage on the drug store securing it. The plaintiff argues that the attorney necessarily knew of the misuse of funds from his representing Hill in various matters relating to the guardianship, especially in view of a hearing on January 5, 1916, in which Hill's mother was released from his bond, the record reciting that she denied signing a note for $5,000 purporting to bear her signature, which he was treating as an asset of the estate. It does not affirmatively appear however that the attorney was present at that hearing, nor that he knew of the misappropriation prior to the spring of

1916.   Moreover the clauses quoted in this paragraph do not con-
clusively establish that in drawing the note and chattel mortgage
he was acting as attorney for Mrs. Hill.

It was admitted that Mrs. Hill heard her husband testify in the
probate court to his misappropriation of his brother's money, and
the plaintiff argues that this testimony must have been given before
the trade of the store for the farm because the hearings in regard
to the $5,000 note purporting to be signed by Hill's mother were con-
cluded March 23, 1916.   We discover no reason however why the
testimony which she heard might not have been given at the hearing
upon which Hill was discharged as guardian, March 13, 1917.

For judgment to be rendered upon admissions of counsel the facts
essential thereto must be made to appear with entire clearness.   We
do not find that the statement here involved conclusively shows that
prior to the exchange of properties Mrs. Hill had actual or con-
structive notice of her husband's fraud.

We think however the judgment is justified upon the third ground
assigned.   According to the defendant's own version of the transac-
tion the deed to the farm was made to Mrs. Hill in discharge of a
debt owed to her by her husband.   The discharge of a preëxisting
debt is a sufficient consideration to support a claim by the endorsee
of a negotiable instrument that he is a holder in due course, but that
is a rule peculiar to the transfer of commercial paper, which is de-
signed to promote negotiability.   Upon general principles of equity a
trust fund can ordinarily be followed into the hands of one who takes
it in payment of an existing debt, although without notice of its char-
acter, for the discharge of the debt by such means is ineffectual, and
the rights of the creditor can be fully protected, so that he shall
suffer no loss, while the beneficiary of the trust can be restored to
his own.   (*Schulein v. Hainer*, 48 Kan. 249, 29 Pac. 171; 39 Cyc. 567;
Pomeroy's Equity Jurisprudence, §1048; Note, 35 L. R. A., n. s.
1174.)

According to the preliminary statement of the defendant's attor-
ney a mortgage on the farm for $3,000 was assumed by Mrs. Hill,
and she and her husband by two subsequent mortgages raised $1,500
or $1,550, which was used in paying debts he owed to others.   These
facts might have required that upon timely request provision should
be made in the judgment for protecting Mrs. Hill from personal
liability upon the mortgages.   This phase of the matter has not
been urged in this court and presumably was not suggested below.

Doubtless the farm is so obviously sufficient security as to make such a provision unnecessary.

The farm was the proceeds of the drug store, which was the proceeds of money belonging to his ward wrongfully converted to his own use by W. V. Hill. The new guardian had a right to reclaim it from Hill's wife because she gave nothing for it; her release of her husband's debt in exchange for property to which he had no right was not effective; he still owes her the full amount of his original debt, and she is in no worse situation than she was before the transfer was made.

The judgment is affirmed.