No. 32,361

THE LEVANT STATE BANK, *Appellant,* v. LEE SHULTS, CORA SHULTS, and HUGH SHULTS, Minors, L. H. SHULTS, Guardian of Cora Shults and Hugh Shults, Minors, HUGH SHULTS, and THE RASSEE WHOLESALE GROCERY COMPANY, *Appellees.*

(47 P. 2d 80)

Opinion filed July 6, 1935.

*E. F. Beckner,* of Colby, for the appellant.

*W. H. Clark,* of Hoxie, and *Leon N. Roulier,* of Colby, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from a judgment in a partition action determining the rights of certain minor defendants.

There is little controversy as to the facts. Jessie Jane Shults had title to a quarter section of land which she and her husband mortgaged to the Thomas County Bank of Colby to secure a loan of $1,200. Thereafter and on January 3, 1924, Mrs. Shults died intestate, leaving as her heirs her husband and three minor children. The husband, L. H. Shults, was appointed guardian of the estates of the minors and collected $3,000 insurance moneys due them. Without any order of court, on March 7, 1924, he used $1,200 of this money and paid off the mortgage to the Thomas County Bank, and it was duly released of record. On or about December 11, 1926, the father executed a warranty deed conveying the lands to his three children, reserving to himself a life estate. This deed was not recorded until February 3, 1930. On March 30, 1929, in a suit pending in the Thomas county district court wherein the Levant State Bank was plaintiff and L. H. Shults was defendant, a judgment was rendered in favor of plaintiff and against defendant for $2,625.64. After execution had been levied on certain personal property, a levy was made on the apparent one-half interest of Shults in the involved real estate, and on sale the Levant bank bid the balance due on its judgment and the unpaid taxes amounting to $95.38, the sale was confirmed, and after the period of redemption had expired, a sheriff's deed was duly executed and delivered to the bank on August 22, 1931. Thereafter the bank brought an action in partition, alleging that it was the owner of the undivided one half of the described real estate and that each of the three Shults children was the owner of an undivided one sixth thereof. The minors answered setting up the facts about the insurance, the payment of the mortgage with their moneys, the payment of taxes with their moneys, all of which it is alleged was without their knowledge or consent,

and that the court should by proper decree impress upon the real estate a lien in their favor in an amount equal to the moneys unlawfully expended. They also alleged the execution, delivery and recording of the deed of their father to them. By reply, the bank denied knowledge of the insurance moneys, of the disposition made thereof, and alleged the facts with reference to the suit against L. H. Shults, the execution against the real estate, the sale and its confirmation, and that the interests of the minors are subject and inferior to the plaintiff's interest.

After a trial, the court made findings from which the above statement is, in part, taken, and further found that there had never been any written trust agreement; that the bank paid a valuable consideration for the land at sheriff's sale and had no notice or knowledge of any claimed trust relating to said land by the minors; that the deed from L. H. Shults to his children, which was placed on record, was never delivered to the grantees and was of no force and effect, but null and void; that the bank, since it received the sheriff's deed, had never received any rents or profits from the real estate, and that at the time of the sheriff's sale it had paid taxes amounting to $95.38, and that no fraud had been alleged or proved. The trial court concluded that L. H. Shults had the legal title to an undivided one-half interest in the described real estate at the time of the sheriff's levy, but that the plaintiff, being an execution creditor, obtained no greater interest than L. H. Shults had; that when Shults used $1,200 of his wards' money to pay the mortgage debt to the Thomas County Bank, only $600 was properly expended, and that as to the remaining $600 paid with the minors' money, the minors should be subrogated to the holders of the first mortgage against the property to that extent; that the sum of $600 was directly traced into the one-half interest in the land held by L. H. Shults and equity and good conscience required that the minors be given a first and prior lien for that amount, with interest at six percent from date of the payment, on said undivided one-half interest; that plaintiff will be entitled to partition the real estate upon paying to the minors the sum of $600 and interest less the taxes paid by plaintiff, $95.38, with interest from date of payment to February, 1933, at twelve percent and thereafter at eight percent, and that if it does not elect within sixty days to make such payment, it have a lien against the land for taxes paid, with interest, and that its judgment against L. H. Shults, which was released as result of its

bid at sheriff's sale, be reinstated. Provision for division of the $600, if paid, and other matters need not be further noted.

Plaintiff's motions to set aside the conclusions of law and for a new trial were denied, and it appeals, assigning these rulings as error.

Certain contentions made by the appellant will be noted briefly before taking up the doctrine of subrogation which the trial court seems to have applied. First, it is contended appellees are guilty of laches in asserting their claims against their guardian and father and complaint is made that they took no steps to dispute the rights of plaintiff acquired by the execution sale and confirmation thereof until in the instant suit. It may be remarked they were not parties to the first suit, they were minors, and the defendant in that action was their guardian. No default or silence of his can be used to bar them of their rights. Further than that there is no showing that plaintiff's rights in any manner have been prejudiced by delay in the assertion of the minors' claims.

It is also contended that the minors have a plain and adequate remedy at law in that they have a cause of action against the guardian and his bondsmen. It must be remembered that the minors did not institute this action. They are defendants and they are not compelled to exhaust whatever remedies they may have against the guardian and his bondsmen before asserting their rights in the real estate involved in this action.

There is considerable space devoted to the doctrine of subrogation and as to when it is to be applied.

It is not disputed as a matter of fact that the guardian used $600 of the minors' money to pay a part of the mortgage indebtedness for which he was personally liable.

In *Crippen v. Chappel*, 35 Kan. 495, 11 Pac. 453, it was said that the right of subrogation or equitable assignment is not a matter of contract or lack of contract, but depends upon the facts of the particular case and upon principles of natural justice, and where it is equitable that a person furnishing money to pay a debt should be substituted to the rights of the creditor, it would be done. The above case was referred to in *Kuske v. Staley*, 138 Kan. 869, 28 P. 2d 728, where it was held that the mortgagee in a forged mortgage, the proceeds of which were used to pay off an existing encumbrance on the real estate in question, should be subrogated to the rights of the holder of the indebtedness that was paid off.

In the case before us, had the guardian not used the wards' money to pay off the mortgage to the Thomas County Bank, the property would have remained encumbered, and the undivided one-half interest of L. H. Shults would have been subject to one half of the $1,200 mortgage, or $600. We fail to see why the position of the plaintiff, as an execution creditor, should be improved by the wrongful act of the guardian. Appellant argues, however, that under *Hargis v. Robinson*, 63 Kan. 686, 66 Pac. 988, the purchaser at an execution sale is a bona fide purchaser, that equity does not reward negligence, and that subrogation will not lie in favor of parties who purchase real estate subject to a mortgage and a judgment lien and thereafter pay the mortgage and cause it to be released, as against a third person who purchases at an execution sale to satisfy the judgment lien, where such parties paying the mortgage never assert any rights under it or claim that it has been kept alive for their protection. That case is readily distinguishable from the one at bar. The judgment lien was in existence when the purchasers bought the land and when they paid off the mortgage, and they had full notice from the records. They were in a position to protect themselves and did not avail themselves of it. Here the mortgage was paid and released as a result of an unlawful use of the minors' money. The appellant had no interest in the property except as result of levy of an execution on a judgment that came into existence long after the unlawful payment of which the minors had no knowledge or notice.

It has been observed that the trust fund belonging to the minors was traced directly to the payment of the mortgage on L. H. Shults' undivided interest in the real estate. While the trial court found that the bank, as a purchaser at the execution sale, had no notice or knowledge of any claimed trust, and that it paid a valuable consideration, it is conceded that the consideration paid was the satisfaction of a preëxisting debt. Under the circumstances, that was not a sufficient consideration. In *Clingman v. Hill*, 113 Kan. 632, 215 Pac. 1013, it was held:

"Property purchased by a trustee with trust funds wrongfully converted to his own use may be followed into the hands of one who acquired it without notice of the wrong, but who gave nothing for it beyond the discharge of a preëxisting debt." (Syl.)

And in the opinion it was said:

"Upon general principles of equity a trust fund can ordinarily be followed into the hands of one who takes it in payment of an existing debt, although

without notice of its character, for the discharge of the debt by such means is ineffectual, and the rights of the creditor can be fully protected, so that he shall suffer no loss, while the beneficiary of the trust can be restored to his own. (*Schulein v. Hainer,* 48 Kan. 249, 29 Pac. 171; 39 Cyc. 567; Pomeroy's Equity Jurisprudence, § 1048. Note, 35 L. R. A., n. s., 1174.)" (p. 634.)

It has been noted the trial court gave appellant sixty days to elect whether it would pay the minors $600 and interest. Pending the appeal it could not make such payment. The trial court should fix a further time in which the plaintiff may make its election.

The judgment of the trial court was correct and is affirmed.